# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3514 | **DATE** | 1/4/2012 |
| **CASE TITLE** | Hicks vs. Poppish, et al. | | |

**DOCKET ENTRY TEXT**

Following entry of judgment in their favor, Defendants submitted a bill of costs [85] seeking $4,163.20. Plaintiff objects to the imposition of costs on the grounds that she is indigent. Because Plaintiff's financial affidavit is incomplete, the Court grants her leave to supplement her filing to provide the Court with a more complete picture of her past, current, and future financial situation. Plaintiff is given until 1/20/2012 to supplement her filing.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera*, 469 F.3d at 634-35.

Nevertheless, "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In determining whether to hold an indigent party liable for costs, the Court makes two inquiries. First, the Court must make a threshold finding that the losing party is incapable of paying the requested costs both now and in the future. *Id.* (citing *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). The party claiming indigence bears the burden of providing the Court with sufficient evidence to make that finding. *Rivera*, 469 F.3d at 635 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)). To meet its burden, the losing party must provide the Court with "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635. If the losing party succeeds in proving her indigence, the Court then considers "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case * * *." *Id.*

Here, Plaintiff submitted an affidavit averring that she is a single mother of two young children and that she currently is unemployed. She states that her only form of income in the past twelve months was a gift of $500, and $500 in welfare and food stamps. According to her affidavit, Plaintiff has less than $200 in any checking or savings accounts, she owns no real estate, stocks, bonds, or vehicles, and she receives no child support.

**STATEMENT**

Defendants argue that Plaintiff's filing is not enough to support a finding of both present and future indigence. First, Defendants point out that Plaintiff failed to include her past employment history, despite being asked in the financial affidavit the beginning and ending dates of her last employment, her last monthly salary, and the name and address of her last employer. Defendants claim that Plaintiff was employed at the time of her deposition and that she has been consistently employed since 2001. This suggests, Defendants argue, that even if Plaintiff is currently indigent, she will be able to secure a job in the future and will be able to pay costs at that time. Second, Defendants contend that despite Plaintiff's statement to the contrary in her financial affidavit, Plaintiff owns a 2006 Chevy Impala, worth, in their estimation, over $1,000.

The Court agrees that Plaintiff's financial affidavit is incomplete and does not provide the Court with the information that it would need to assess Plaintiff's claim of indigency. Accordingly, the Court grants Plaintiff leave to supplement her financial affidavit. As set forth above, Plaintiff's filing must include "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses," and it must provide the Court with a complete picture of her current and future financial situation. *Rivera*, 469 F.3d at 635. Specifically, Plaintiff's filing must include a statement of her employment history, including the amount of her last monthly salary or wages, and the efforts, if any, Plaintiff has made to secure new employment. Finally, Plaintiff also should address Defendants' contention that she currently owns a vehicle worth over $1,000. Plaintiff is given until 1/20/2012 to supplement her financial affidavit.