## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3514 | **DATE** | 2/13/2012 |
| **CASE TITLE** | Hicks vs. Poppish, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants are awarded costs in the amount of **$4,163.20**; however, execution on the award of costs is stayed until further order of the Court. The parties are directed to confer to determine whether to work out a payment plan or stay the execution of the judgment on costs until the plaintiff's financial circumstances improve and to file a joint status report by 3/9/2012 advising whether they have come to agreement. If they have not come to an agreement, the parties should include in the status report a short statement of their respective positions.

■[ For further details see text below.]  Docketing to mail notices.

### STATEMENT

After prevailing on a motion for summary judgment in this case, Defendants submitted a bill of costs seeking $4,163.20, the bulk of which relates to court reporter and transcription fees. The Court gave Plaintiff leave to file objections to the bill of costs. Plaintiff has not objected to any of the specific line items,[FN 1] but has interposed a general objection on the basis of her financial circumstances. In support of that objection, Plaintiff submitted financial affidavits [see 88, 90], the most recent of which was transmitted through counsel following the Court's request for additional information [93], and will now be placed on the docket to complete the record. Taken as a whole, the financial affidavits reveal the following: Plaintiff holds and maintains an active real estate license, but (like many realtors) had a lean year in 2011 due to the economy and the housing market. She sold her vehicle to her father to pay a debt that she owed him and has little or no ability to satisfy the amount of the bill of costs at this time. However, she intends to keep her real estate license active, and thus has the potential to earn a living selling real estate should market conditions improve.

> [FN 1] Although Plaintiff has not raised any specific objections to the costs claimed, the Court has examined the bill of costs and supporting materials to determine whether the costs are reasonable and adequately supported. Defendants seek fees for the court reporter and transcripts necessarily obtained for use in the case, printing, and exemplification and copies, each of which is included in the list of recoverable costs under 28 U.S.C. § 1920. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Further, the amount of fees and costs requested is reasonable. See, *e.g.*, *Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable"); *Shanklin Corp.*, 2006 WL 2054382, at *4 (same); see also N.D. Ill L.R. 54.1(b) (stating that the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States). Accordingly, the Court finds that the costs and fees Defendants have requested are recoverable and that the amount requested is reasonable. See

**STATEMENT**

*Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000).

As the Court previously noted, while "[i]t is within the district court's discretion to consider a plaintiff's indigency in denying costs under Rule 54(d)," "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Gonzalez v. Houlihan's Restaurants, Inc.*, 2010 WL 1664931, at *4 (N.D. Ill. Apr, 23, 2010) (citing *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The Seventh Circuit has held that the plaintiff has the burden of demonstrating that she is "incapable of paying the court-imposed costs *at this time or in the future.*" *Rivera*, 469 F.3d at 635 (emphasis added).

The situation for Plaintiff here is similar to that of the plaintiff in *Gonzalez*. As Magistrate Judge Cole observed, "Plaintiff has worked in the past; she just doesn't happen to have a job now, and it would be unreasonable to conclude that she will never work again." *Gonzalez*, 2010 WL 1664931, at *5. In fact, Plaintiff here does work, as reflected in the commission check that she received in November, but she does so sparingly given current market conditions. "It is thus inappropriate to excuse her from paying those costs the drafters of the Federal Rules of Civil Procedure have in their wisdom concluded should be awarded to the prevailing party." *Id*.; see also *Rivera*, 469 F.3d at 638 (explaining the importance of enforcing the rules on payment of costs to prevailing parties "in an even-handed fashion"). However, in view of Plaintiff's *current* financial circumstances, the Court will follow the procedure adopted by Judge Cole in *Gonzalez*, which tracks in large part a procedure implemented by Judge Hart in *Denson v. Northeast Illinois Regional Commuter Railroad*, 2003 WL 21506946 (N.D. Ill. June 27, 2003), upon which the Seventh Circuit commented favorably in *Rivera*, 469 F.3d at 636. The costs requested by Defendants of **$4,163.20** are imposed on Plaintiff, but the parties are directed to confer "to determine whether to work out a payment plan or stay the execution of the judgment on costs until the plaintiff's financial circumstances improve." *Gonzalez*, 2010 WL 1664931, at *6. The parties are directed to file a joint status report by 3/9/2012 advising whether they have come to agreement – and, if not, a short statement of their respective positions. For now, the costs are imposed, but execution on the award of costs is stayed until further order of the Court.